[No. 2403.]

Leppel v. Lumley.

1. **Partnership—Claim Against Individual Member.**
    A claim against one of the individual members of a partnership, existing prior to the time of the creation of the partnership, cannot be allowed as a claim against the partnership.

2. **Partnership—Evidence—Claim.**
    Evidence held insufficient to prove a claim against a partnership.

*Appeal from the District Court of Garfield County.*

Mr. C. W. Darrow, for appellant.

THOMSON, P. J.

In an action to dissolve a partnership existing between B. Leppel and O. Stoddard, and in which a receiver was appointed, Charles S. Lumley presented a claim against the firm for damages on account of failure of title to an animal he had purchased from Stoddard. His theory seems to have been that the partnership was, in some way, responsible to him for the loss he sustained. The partnership was formed on the 17th day of December, 1898, and the sale by Stoddard to Lumley took place in 1895 or 1896. The animal had been taken from Lumley by a writ of replevin in 1897, and the court had adjudged it to the replevin plaintiff. Lumley proved certain conversations with Stoddard in 1897, in which the latter promised to make good the loss; and certain statements made in the same year by one M. Leppel of a similar nature. Who M. Leppel was we are not advised. Upon this evidence the court allowed Lumley's claim, and entered judgment for the full amount against the partnership.

The record furnishes no explanation of this judgment. The damages alleged by Lumley could not be a claim against the partnership, for at the time they were sustained it was not in existence; and even if it had been, the evidence would have established nothing against it.

The judgment is reversed.

*Reversed.*